The prisoner was examined before the County Court of Westmoreland, for the murder of a slave, the property of one Ebenezer Moore. The court adjudged him guilty of manslaughter, and sent him on for further trial. It was moved that he should be discharged, as he could not be punished under the act of 1748, ch. 31, sect. 23. Motion overruled, the court (absent Lyons and'Mercer) being of opinion, he might be indicted for murder. The grand jury found the bill against him for murder. Lyons and Mercer being now present, made some objections to the indictment, wishing the point to'be reconsidered.
Randolph, attorney general, took the distinction where the manslaughter of a slave is committed by the master of him, the examining court may acquit the criminal fi254 nally. *But where it is by a stranger, though the court should conceive the offence to be manslaughter only, yet the acquittal can only after an indictment be upon a trial in this court: for in this instance, the examining courts have no authority to discriminate between murder and manslaughter.
Mr. Lyons. Can you indict a man for a greater offence than the examining court have adjudged him guilty of?
Mr. Attorney conceived he might, for the point whether murder or manslaughter can only be determined here.
Mr. Mercer mentioned the case of the King against Davis, some years ago, in which, it was adjudged that it could not be done.
Mr. Attorney. The county courts cannot discriminate between murder and manslaughter in any case except the homicide of a slave by his owner. This power they derive from the particular words of the very clause. They may discharge the prisoner, and such discharge is final, and may be pleaded in bar of any future prosecution for the same offence, but they cannot ascertain the quantum of guilt in his case except in the single instance above mentioned.
*Mr Lyons. According to this doctrine, a man sent hither on a charge of felony may be tried for treason. How is he to know the nature of the indictment you mean to prefer against him, if it rests with the attorney general to charge him as he pleases ? Suppose he had applied to be bailed, could any judge of this court have refused it on a view of the record. Surely then he ought not to be indicted for an offence for which he was not bailable.
Mr. Lee for the prisoner. The slave was *67 hired to the prisoner at the time of the homicide. He was therefore sub modo his property. This brings him within the attorney’s distinction in favour of owners. An overseer having an interest in the labour of a slave he conceived to be within the policy of the rule.
Mr. Ryons. In the case of an owner, positive and express malice must be proved to convict of murder. But in that of an overseer, implied malice is sufficient ; but neither of these cases, (were the law the same in both) will apply. The court delivered their opinions, seriatim.
TAZEWELL, Judge.
There is no question with me but that an examining court may acquit finally, and discharge a prisoner upon any criminal prosecution, and that such an acquittal may be pleaded in bar of any future prosecution for the same offence. But 256 in this case the court have *not acquitted him, but have given an opinion on a point which they cannot judicially determine. Ror it exceeds their power of determining on homicide, whether murder or manslaughter, the law not authorizing them to make such a distinction except in the case of an owner. The prisoner was not the owner of the slave, and therefore rightly sent here for trial. Can this court discharge him without a trial ? Would it not be nugatory to indict him for an offence not punishable by law ? The record shews that it appeared to the examining court, that he hath been guilty of an actual homicide, and though they have exceeded their power by giving a name to the offence, yet he conceived he might be indicted for murder, and that the indictment ought to be sustained. Should the prisoner be convicted, he was willing the matter should be brought on again by a motion in arrest of judgment.
Mercer. There is no difficulty in this case if the power of an examining court be attended to. If they can acquit, they may decide the measure of guilt, and the nature of the offence. No man in this state can be indicted fot any offence unless three jurisdictions concur in the opinion of his guilt. The examining court have said he is not guilty of murder; should the jury convict him of murder, the verdict will be insufficient for his condemnation, not being founded on a precedent conviction of the same nature by the examining court. He con-257 curred with Mr. *Ryons as to the bailing him, and concluded by saying the prisoner ought to be indicted for manslaughter only. It was certainly a crime for which the court should try him, though no punishment attended it in this case. He likewise concurred with Mr. Ryons in his distinction as to express malice, in the case of an owner, being required to be proved : implied malice in the case of an overseer or another person, would be sufficient to constitute the crime of murder in the case of a slave, as well as of a white person.
Rleming. The examining courts have no power to make a distinction between murder and manslaughter in this case. This must be done by a jury.
Ryons. The county court having declared the nature of the offence, he said he would not agree to increase it. It was a dangerous, precedent. Where the prisoner is sent up for further trial generally, the attorney general may charge him as he pleases ; not so where the offence is defined by the examining court. He was for trying him for manslaughter. The punishment is nothing to the court, but they are to enquire into the offence.
CARRINGTON, Chief Justice.
The examining court have unquestionably the power of finally acquitting, and discharging a criminal, but where they are of opinion, 258 that *a homicide has actually been committed, they must remand the prisoner for further trial except in the case of the owner of a slave. This court cannot judge whether the offence be murder.or manslaughter but by the verdict of a jury. He thought the indictment for murder strictly proper.
The prisoner was immediately put on his trial, and acquitted, as I thought (says Mr. Tucker) directly contrary to evidence.